ABRAHAM PISER, Respondent, v. ISAAC S. LOCKWOOD, Appellant.

*Summons — service of, upon unknown owners — requisites of such service, under subdivision 5 of section 135 of the Code of Procedure, as amended in 1860 — a purchaser will not be compelled to take a doubtful title.*

In an action to foreclose a mortgage the summons was served upon the unknown heirs of one Ringland, the owner of the equity of redemption, under an order made in pursuance of subdivision 5 of section 135 of the Code of Procedure, as amended in 1860. It was granted upon an affidavit made by the plaintiff's attorney, which stated no reason why it was not made by the plaintiff. It stated the death of Ringland; that the deponent had made diligent search and inquiry for his heirs-at-law and next of kin, but had been unable to find any of them or any of his relations; that he had visited Ringland's former neighbors and could only hear that he once had a sister but could not find out her name or residence.

*Held*, that the affidavit, thus made by the attorney, was defective in that it did not show that the names or residences of the parties in interest were unknown to the *plaintiff*, and in that it failed to state the sources from which the attorney's information was derived.

That the title acquired at a sale under a judgment of foreclosure entered in the action was so defective that a purchaser should not be compelled to accept it.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without jury.

*Henderson & Tompkins*, for the appellant.

*A. Blake*, for the respondent.

Davis, P. J. ;

This action is brought upon a contract for the purchase and sale of real estate, by which the defendant agreed to convey the property in fee simple, free from all incumbrances by a proper deed to be delivered at the time specified. On the day afterwards substituted by consent of the parties each party appeared, and the defendant tendered a deed sufficient in form, and the plaintiff tendered the price called for by the contract, but refused to accept the deed on the ground that it did not convey a good title. The defendant's title was derived under the foreclosure of a mortgage, and the objection made was that the heirs of one Ringland who had died seized of the premises, were not made parties to the foreclosure.

Ringland at the time of his death was the owner of the fee. His heirs were made parties to the action as unknown owners, and the case turns wholly upon the sufficiency of the affidavit upon which the order of publication was made against them as such unknown owners.

That order was made under subdivision 5 of section 135 of the Code of Procedure, as amended in 1860, which is as follows:

"In actions for the foreclosure of mortgages on real estate, already instituted or hereafter to be instituted, if any party or parties, having any interest in or lien upon such mortgaged premises, are unknown to the plaintiff, and the residence of such party or parties cannot, with reasonable diligence, be ascertained by him, and such fact shall be made to appear by affidavit to the court, or to a justice thereof, or to the county judge of the county where the trial is to be had, such court, justice or county judge may grant an order that the summons be served on such unknown party or parties by publishing the same for six weeks, once in each week successively, in the State paper and in a newspaper printed in the county where the premises are situated, which publication shall be equivalent to a personal service on such unknown party or parties."

The affidavit upon which the order in this case was granted was not made by the plaintiff but by his attorney. No reason is stated in the affidavit why the same is not made by the plaintiff. The affidavit states that David C. Ringland was the owner of the equity of redemption in such real estate at the time of his decease, and the manner in which he acquired the same. It further states that since the decease of Ringland "deponent has made diligent search and inquiry for the heirs and next of kin of said David C. Ringland, and deponent has been unable to find any heirs-at-law or next of kin of said David C. Ringland deceased, nor any of his relations.

"Deponent further says that he has visited the former neighbors of said Ringland and made diligent inquiry of them as to any heirs-at-law and next of kin of said Ringland and no one can give any information on the subject, excepting that said deceased once had a sister, but deponent cannot find out either her name or residence."

In the section above referred to it was required to be shown that the party or parties having an interest in the premises were unknown "*to the plaintiff:*" and that their residence could not with reasona-

ble diligence be ascertained by him. The affidavit fails to show these facts. For aught that appears, the heirs of Ringland may have been known personally to the plaintiff although unknown to his attorney; and they may have been known to the plaintiff to have been residents of the State of New York, where personal service could have been made, and yet all that the attorney states in the affidavit be true. The affidavit does not show that the residence of such unknown parties could not, with reasonable diligence, be ascertained by the plaintiff, and reasonable diligence for that purpose by the attorney is not sufficiently shown, because the attorney fails to state the source of his information on that subject. If the attorney might have made the affidavit under the provisions of the former Code, it would have been incumbent upon him to state some reasons why the diligence has not been used by the plaintiff, and to state also, inasmuch as he acts entirely upon information of others, from whom he received such information.

In short, we think if the sister or other heirs of Ringland should appear and file her or their bill to redeem the premises in question, her or their right to do so could not be denied, and hence the title offered was not such a one as the contract required.

One of the findings excepted to by the defendant, to wit, that of personal knowledge on the part of the defendant of the defect in the title does not appear to be sustained by the evidence, but as that finding was not material to the judgment the exception is of no value. It was enough to show as a matter of fact, whether the defendant knew it or not, that the title dependent upon the judgment recovered in the foreclosure suit was for the defects mentioned not perfect. We see no reason for interfering with the judgment, and it should be affirmed with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.